**AMERICAN HOSPITAL ASSOCIATION, etc., Hospital Association of New York State, etc. and Strong Memorial Hospital of the University of Rochester, Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary, U.S. Department of Health and Human Services, Defendant.**

**AMERICAN MEDICAL ASSOCIATION, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary, U.S. Department of Health and Human Services, Defendant.**

Nos. 83 Civ. 2638(CLB), 84 Civ. 1724(CLB).

United States District Court, S.D. New York.

May 11, 1984.

On Motions for Summary Judgment May 23, 1984.

curity Administration in termination cases. *Holden v. Heckler,* 384 F.Supp. 463 at 495 (N.D. Ohio 1984) (Aldrich, J.).

Jeffrey H. Becker, New York City, Stuart M. Gerson of Epstein, Becker, Borsody & Green, Washington, D.C., for plaintiff, American Hosp. Ass'n.

Steven Bierman, New York City, Benjamin Heinman, Vincent Prada of Sidley & Austin, Washington, D.C., for plaintiff, American Medical Ass'n.

Janis Farrell, Asst. U.S. Atty., S.D.N.Y., New York City, Noel Dennis, U.S. Dept. of Health and Human Services, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Certain motions are presently pending before this Court for decision. See transcripts of hearings held March 23, 1984 and April 9, 1984. Cited by the parties is the recent opinion of our Court of Appeals in *United States v. University Hospital*, 729 F.2d 144 (2d Cir.1984), with respect to which there remains pending and undecided a motion by plaintiff-appellant for a rehearing *en banc*, filed March 8, 1984.

After *University Hospital* was decided, the Supreme Court, on February 28, 1984, issued its opinion in *Grove City College v. Bell*, — U.S. —, 104 S.Ct. 1211, 79 L.Ed.2d 516. Because the Supreme Court opinion in *Grove City College* was not available when the motions were heard, the Court invites the views of counsel to be expressed by supplemental memoranda, concerning the effect, if any, of *Grove City College* on these cases. Any such additional submissions should be received in Chambers, Room 2103, with proof of service, no later than May 29, 1984.

So Ordered.

## MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

There being no material facts in dispute, the motions by plaintiffs for summary judgment are granted. See transcripts of hearings on March 23, 1984 and April 9, 1984.

This consolidated case is directly controlled by the decision of our Court of Appeals in *United States v. University Hospital*, 729 F.2d 144 (2d Cir.1984) (slip op.), *motion for rehearing en banc denied*, May 17, 1984.

The final regulations challenged by plaintiffs in this consolidated action, 45 C.F.R. § 84.55(b)–(e), 49 Fed.Reg. 1622, *et seq.* (January 12, 1984), were promulgated solely under the purported authority of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, see 49 Fed.Reg. at 1622. Accordingly, in light of *University Hospital, supra,* they are invalid, unlawful and must be set aside pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(C), because promulgated without statutory authority.

In light of the denial of reconsideration *en banc* of *University Hospital, supra,* this Court finds it unnecessary to reach the constitutional issues raised by plaintiffs. Nor need the Court now consider the effect of the Supreme Court's decision in *Grove City College v. Bell,* — U.S. —, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), decided subsequent in time to the panel opinion in *University Hospital, supra.* See our Memorandum and Order dated May 11, 1984.

Settle final declaratory judgment on five (5) days notice.

So Ordered.